UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MANTIPLY, *et al* | CIVIL ACTION NO. 10-1855 |
| VERSUS | DISTRICT JUDGE DEE D. DRELL |
| UNITED STATES, *et al* | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is defendant's motion to dismiss, doc. #25, referred to me by the district judge for report and recommendation.

This is a suit filed under the Federal Tort Claims Act, (FTCA), 28 U.S.C. §1346(b), 2671 *et seq* for damages for injuries received as a result of medical malpractice at a Veteran's Administration hospital (VA).

Plaintiff, John Mantiply, alleges he has suffered injuries as a result of undergoing arthroscopic surgery of his left knee on May 21, 2008 at the Alexandria VA hospital as well as follow-up care. His treating orthopedist was co-defendant, Dr. Joseph I. Hoffman, Jr.

The United States has filed this motion to dismiss alleging that Dr. Hoffman was not an employee of the government and therefore 1) the government has not consented to be sued under the FTCA and, 2) there is no waiver of sovereign immunity for suits against non-employees of the government.

Specifically, the government asserts that Dr. Hoffman was a *locum tenens* physician only and

not an employee of the VA, but rather was an employee of CHG Companies, Inc. dba CompHealth with whom the VA had a contract to provide physician services to the hospital. The government argues that Hoffman was an employee of an independent contractor (CompHealth) and that the claims are thus jurisdictionally barred under the FTCA's contractor exclusion set forth in 28 U.S.C. §1346(b), 2671. In making its argument, the government attaches as evidence an affidavit and attached copy of the contract between the VA and CompHealth. The government points out that the contract provides that *locum tenens* physicians shall possess the skills, knowledge and expertise necessary to work independently and that the government "retains no control over the medical, professional aspects of services rendered (e.g. professional judgments, diagnosis for specific medical treatments)."

The government also shows that Hoffman was not paid by the government, rather his employer, CHG was paid which in turn paid him and that CHG chose and assigned doctors to the hospital.

Plaintiffs, on the other hand argue that Hoffman meets the test for employee status and was not an independent contractor. Plaintiff too attaches evidence to be considered by the court.

Rule 12(b)1 legal standard

FRCP Rule 12(b)(1) allows a party to challenge the subject matter jurisdiction of the court. Ramming v. U.S., 281 F.3d 161 (5th C. 2001). A claim is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. See Home Builders Assoc. Inc. v. Madison, 143 F.3d 1006 (5th C. 1998). Because federal courts are courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. See Stockman v. Fed. Election Comm., 138 F.3d 144, 151 (5th

C. 1998). A court may go outside the pleadings and consider additional facts and may resolve contested issues of fact in deciding a Rule 12(b)(1) motion to dismiss.

## Analysis

As the sovereign, the United States is immune from suit unless, and only to the extent that, it has consented to be sued. <u>Truman v. U.S.</u>, 26 F.3d 592, 594 (5th Cir. 1994). Through the enactment of the FTCA, the government has generally waived its sovereign immunity from tort liability for the negligent or wrongful acts of omissions of its agents who act within the scope of their employment. 28 U.S.C. § 1346(b). Also, <u>Johnston v. United States</u>, 85 F.3d 217, 219 (5th Cir. 1996). The FTCA permits a plaintiff to bring a *state law tort action* against the United States. Specifically, the FTCA allows the government to be held liable in tort for any negligent or wrongful act or omissions of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred (state tort law). 28 U.S.C. § 1346(b). See <u>U.S. v. Muniz</u>, 374 U.S. 150, 152-153, 83 S.Ct. 1850 (1963).

The government's arguments under the FTCA and sovereign immunity both rely on it's claim that Dr. Hoffman was not an employee of the government at the time of the acts alleged. Thus the issue presented is whether in fact Hoffman was an independent contractor or an employee. The government cites a 10th Circuit case, <u>Lurch v. U. S.</u>, 719 F.2d 333 (10th C. 1993) in support of its argument that the most important consideration in that determination is the extent of control exercised over the employee/contractor. <u>Lurch</u> presented the issue of whether a physician working at a VA hospital was an employee or not. <u>Lurch</u> relied heavily on the contract between the parties to find that the doctor was not an employee. The <u>Lurch</u> contract, like the one here, specified that the

3

doctors would be chosen by the contractor, not by the VA, and specified that the doctors would not be considered to be employees. The government urges this court to follow Lurch and suggests that we "see also" a 5th Circuit case, Broussard v. U.S., 989 F.2d 171 (5th C. 1993). As this court is guided by and is duty bound to follow applicable Fifth Circuit precedent, Broussard is of particular interest to us. Broussard, however, considered and applied Lurch in the case, which it found to be analogous to Lurch.

In Broussard, a case involving a doctor working at Ft. Polk Army Hospital, the Fifth Circuit rejected adoption of a "strict control" test in order to determine independent contractor status in a case like this noting that, if such were mandated, "no professional who is required by a code of ethics to exercise professional judgment could ever be considered an employee of the United States for FTCA purposes." Yet it also refused to adopt a "modified control" test, holding that Lurch (and other cases cited there by plaintiffs) did not support the establishment of "any radically different test for determining when professionals are independent contractors." In observing that Lurch was analogous to Broussard, the court noted that in Lurch the doctor was employed by a medical school which in turn contracted with the VA to provide physician services to it, the medical school had the discretion to choose the physicians to fulfill its obligations, the contract specified that the doctors would not be considered to be VA employees and the medical school agreed to provide worker's compensation insurance and similar benefits for the doctors.

In Broussard, the contractor, EMSA, also assumed full liability for the acts or omissions of the doctors and agreed to carry liability insurance for them. The Fifth Circuit concluded that "[u]nder any reasonable test for distinguishing an employee from an independent contractor, EMSA would be defined as an independent contractor of the government and the . . . physician would be defined

4

either as an employee of EMSA or its independent contractor."

Plaintiffs argue that the applicable test is that set forth by the Supreme Court in <u>Community for Non-violence v. Reid</u>, 490 U. S. 730 (1989). There the court listed 13 factors to be considered in determining whether an employee relationship exists. Those factors are:

1) control over manner and means,

2) skill required,

3) who provides the work tools,

4) location of the work,

5) duration of the relationship,

6) right of the hiring party to assign additional projects to the hired party,

7) extent of the hired party's discretion over when and how long to work,

8) the method of payment,

9) the hired party's role in hiring and paying assistants,

10) whether the work is part of the regular business of the hiring party,

11) whether the hiring party is in business,

12) whether the hiring party provides benefits,

13) the tax treatment of the hired party.

While the Fifth Circuit did not mention <u>Reid</u> in <u>Broussard</u>, like plaintiffs in brief, I do not suggest it was unmindful of the <u>Reid</u> decision and the factors there set forth. As it pointedly observed, however, ' 'control of the detailed physical performance of the actor may be the most critical factor in identifying an employee, it is not necessarily the only factor. "A critical element in distinguishing an agency from a contractor is the power of the Federal Government 'to control the

detailed physical performance of the contractor." ' " Broussard, supra.

Applying the Reid factors to this case, plaintiffs point out that the contract between the VA and CHG mandated that Dr. Hoffman work 8:00 to 4:30 five days a week, Monday through Friday, and perform clinic duties four days a week and perform surgeries on Wednesdays. It required Hoffman to attend staff meetings and provided everything he needed to do his job. He had to sign a time card when he arrived and when he departed, spend 30 minutes for lunch, be monitored in his performance and he could hire no assistants. He had to provide a weekly time sheet and submit requests for time off 30 days in advance. He had to comply with and abide by VA policies and procedures and was to perform his work "under the direction" of the Chief of Specialty Care Services at the VA.

My review of the contract also shows that Hoffman was contractually required to explain procedures, risks and benefits to each patient and to comply with the by-laws set out by the medical staff of the VA.  The contractor had to provide professional liability insurance, worker's compensation insurance and handle payroll, withholding and taxes. The contract provided that the contractor was not to be considered a VA employee and provided that the VA retained no control over the medical and professional aspects of the services rendered.

Here, unlike Broussard and even Lurch, there is evidence that the VA contract exerted, as plaintiff in brief observed, "meticulous oversight of Hoffman's work in virtually every regard except traditional physician discretion."  But even there, the contract required Hoffman to explain certain things to a patient, as I noted earlier, thereby impinging to some slight extent on the physician's independent professional discretion. Unlike Broussard, Dr. Hoffman was required to clock in and clock out, to work from 8:00 in the morning until 4:30, to take no more than 30 minutes for lunch,

to submit wee kly time sheets and to obtain permission before he went on vacation. He was monitored in his work, required to attend VA staff meetings and told what days he could perform surgery. He was instructed to tell patients about the procedure, risks and benefits. He could not hire an assistant and had to be proficient in using the VA's computer system under threat of immediate termination. He was to work under the "direction" of the Chief of Specialty Care Services at the VA.

On the other hand, Dr. Hoffman was allowed to exercise professional discretion, except as noted above. And the VA did not pay him directly, afforded no employee benefits (except vacation time), and did not withhold Social Security or other taxes. He was required to provide his own liability insurance (although, under his contract with CHG, CHG agreed to pay for it).

Therefore, while the decision is a close one, I find that the control over every minute aspect of the hiring, other than the exercise of professional judgment, distinguishes this case from <u>Lurch</u> and <u>Broussard</u>. I find therefore, that Dr. Hoffman was, for our purposes here, an employee of the VA hospital and thus the government's asserted defenses under the FTCA and sovereign immunity are inapplicable.

I also note that plaintiffs' suit against the VA hospital and Dr. Hoffman does not limit its allegations to the fault of Dr. Hoffman, but expressly claims the fault of other agents and employees of the hospital. In brief, plaintiffs suggest that Dr. Hoffman, in deposition, placed the blame on three VA employees. Therefore, regardless of Dr. Hoffman's status as an employee *vel non*, this court would still retain jurisdiction under the FTCA of claims against other VA employees.

Therefore, IT IS RECOMMENDED that the motion to dismiss, doc. #25, be DENIED.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have

fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 20th day of August, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE