RECEIVED
OCT - 3 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN MANTIPLY, MELISSA SUE MANTIPLY AND CASEY ADAM MANTIPLY | CIVIL ACTION NO. 10-1855 |
| | JUDGE DRELL |
| -vs- | |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE KIRK |

### JUDGMENT

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 34) suggesting Defendant's appeal in this Federal Tort Claims Act case be denied and dismissed. Defendant has filed a timely objection to the Report and Recommendation (Doc. No. 36) and Plaintiff has responded (Doc. No. 38). After a de novo review of the entire file in this matter and concurring with the Magistrate Judge's findings under the applicable law, this Court adopts the Magistrate Judge's Report and Recommendation subject only to the modifications outlined herein.

The Magistrate Judge applied the test from Community for Non-Violence v. Reid, 490 U.S. 730 (1989) to determine whether an employment relationship existed between Defendant and Dr. Hoffman. Defendant objected, arguing this

1

standard is not used by the Fifth Circuit to determine the existence of such a relationship, and that the proper test originates from the Restatement (Second) of Agency § 220 as applied in Creel v. United States of America, 598 F.3d 210 (5th Cir. 2010).

In Creel, one Dr. Mercer entered into an agreement directly with the defendant in which Dr. Mercer explicitly acknowledged his status as an independent contractor and agreed to indemnify the defendant for his "liability-producing acts or omissions." Id. at 212. By contrast, in the present case Dr. Hoffman did not directly enter into an agreement with Defendant; rather, Defendant contracted with CHG Companies (d/b/a CompHealth) (hereinafter CHG) for physician services. (Doc. 38). CHG, in turn, insured itself for any potential liability. (Doc. 25-3). However, Dr. Hoffman himself did not personally agree to indemnify Defendant for his acts or omissions.

Additionally, Creel differs from the present case because it fails to consider numerous other relevant factors which, in this case, define the extent of Defendant's control over Dr. Hoffman's job duties and performance. See id. Unlike in Creel, Dr. Hoffman was not able to hire his own staff and assistants. See id.; (Doc. 30-2). Defendant also instructed Dr. Hoffman as to how many patients he would see each day, when he would perform surgeries, when he would perform clinic duties, where he would perform surgeries and procedures, the computer skills required to retain his job, the type of information he was expected to obtain

from patients, and the extent he was required to explain risks, benefits, and procedures to patients. (Doc. 30-2).

In the present case, a thorough review of the record shows Defendant's power "to control the detailed physical performance of the contractor" extends well beyond the control exercised in Creel. See Broussard v. United States, 989 F.2d 171, 174 (5th Cir. 1993) (internal quotations omitted). Besides exercising traditional physician discretion and receiving payment through CHG, Dr. Hoffman was, in every way, required to perform his job duties as Defendant's employee. (Doc. 30-2).

Accordingly,

IT IS ORDERED that Defendant's appeal is DENIED AND DISMISSED.

SIGNED on this 2nd day of October, 2012, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE